**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Rita Colón,<br>Plaintiff,<br>v.<br>State of Nevada, et al.,<br>Defendants. | Case No. 2:26-cv-01265-GMN-BNW<br><br>**ORDER** |

Pro se Plaintiff Rita Colón is a pretrial detainee at the Clark County Detention Center. Ms. Colón submitted a civil rights complaint (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 6). She submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Ms. Colón's request to proceed *in forma pauperis* will be granted subject to the provisions of the Prisoner Litigation Reform Act.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Screening the Complaint**

Ms. Colón alleges that she was extradited from Peru in October 2019 to face a single murder charge in Clark County case C-20-350838. She alleges that after she arrived, the State also charged her with a second murder in case C-19-343106 and added a robbery count to the case for which she was extradited, in violation of the extradition treaty between the United States and Peru. Both of those charges have since been dismissed: the robbery count in December 2020 and case C-19-343106 in July 2025, after Peru protested. The only charge she alleges remains pending is the murder charge for which she was extradited.

Ms. Colón names four defendants, all in their "official capacity": the State of Nevada, the United States, the U.S. Department of Justice, and the U.S. Department of State. She asserts six claims, each against all Defendants: (1) violation of the rule of specialty in Article XIII of the treaty; (2) violation of Article VI of the treaty; (3) "mental and emotional distress"; (4) abuse of process; (5) malicious prosecution; and (6) intentional infliction of emotional distress. She ties each claim to the Due Process Clauses of the Fifth and Fourteenth Amendments, and she invokes 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), 28 U.S.C. §§ 1331, 1343, 1346, and 1350, and the Peruvian Constitution.

As relief, she seeks a declaratory judgment; an injunction ordering Defendants to comply with the treaty and to "stop any abuse of process and malicious prosecution"; $1,000,000 in

compensatory damages on each claim; and $1,000,000 in nominal and punitive damages against each Defendant on each claim.

**A. Rule 8**

The complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit recently made clear that district courts need not accept "shotgun pleadings." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). Shotgun pleadings include a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint that "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1288. The problem with such pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. Rather, "[f]actual allegations, however detailed, must be tied to corresponding causes of action." *Id.* at 1293. Pro se litigants must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Ms. Colón's complaint runs more than forty handwritten pages, plus exhibits. Each of her six claims is brought against "all defendants," and each rests on some combination of the Fifth and Fourteenth Amendments, two articles of the extradition treaty, a Nevada statute, the Peruvian Constitution, and several jurisdictional and remedial statutes. Throughout, she describes what "the defendants" did without saying which Defendant did what. That matters here because the named Defendants are two sovereigns and two federal agencies. As in *Gibson*, the claims bundle separate legal theories, and each appears to rest on all of the facts alleged. *See id.* at 1291. Therefore, the complaint leaves the Court "to fill in the blanks." *Id.* at 1292.

**B. Immunity**

Even setting aside Rule 8, each of the named Defendants is immune from this suit, so the complaint must be dismissed on that basis.

*State of Nevada:* A State is not a "person" that can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment bars suits against a State in federal court regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

*United States, Department of Justice, and Department of State:* The United States and its agencies are immune from suit unless Congress has waived that immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Section 1983 provides a remedy against persons acting "under color of" state law. 42 U.S.C. § 1983. Actions of the federal government and its officers "are at least facially exempt from its proscriptions." *Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Lastly, *Bivens* does not provide a damages action against the United States or its agencies, *Meyer*, 510 U.S. at 484–86. None of the other statutes Ms. Colón cites waives the federal Defendants' immunity from her claims and/or apply to constitutional claims.

Accordingly, if Ms. Colón files an amended complaint, she should not reassert her claims against these Defendants. Any amended complaint must also comply with Rule 8 as explained above: it must identify each defendant by name, state what each defendant did, and tie those facts to each claim. *See Gibson*, 165 F.4th at 1293. An amended complaint replaces the original complaint, so it must be complete in itself without reference to any earlier pleading.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Rita Colón, # 3001818 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the immediate custodian at the Clark County Detention Center, at 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint in this case, she must do so by **November 30, 2026**. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff a copy of the approved form for filing a civil rights complaint by an inmate and instructions for the same.

DATED: October 29, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE